108 F.3d 1370
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
William C. WYATT, Defendant-Appellant.
 No. 96-1483.
 United States Court of Appeals, Second Circuit.
 March 26, 1997.
 
 1
 APPEARING FOR APPELLANT:David A. Bythewood, Bythewood & Associates, Garden City, N.Y. APPEARING FOR APPELLEE:Bart G. Van De Weghe, Asst. U.S. Atty., New York, N.Y.
 
 SUMMARY ORDER
 
 2
 Present Honorable NEWMAN, Chief Judge, MINER and GODBOLD,* Circuit Judges.
 
 
 3
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued by counsel.
 
 
 4
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.
 
 
 5
 William Christopher Wyatt appeals from the July 15, 1996, judgment of the District Court sentencing him, following his guilty plea to conspiracy to commit bank fraud in violation of 18 U.S.C. § 371, to a four-month period of home detention, a three-year term of probation, and an order of restitution in the amount of $1,456.86. Wyatt seeks to withdraw his plea on three grounds: (1) lack of an adequate factual basis for his plea because his conduct did not constitute a crime, (2) ineffective assistance of counsel during plea proceedings, and (3) failure of the District Judge adequately to inform him of the elements of the conspiracy charge before accepting his plea.
 
 
 6
 1. Federal Rule of Criminal Procedure 11(f) provides that a district court may not enter judgment on a plea of guilty "without making such inquiry as shall satisfy it that there is a factual basis for the plea." Wyatt's primary argument on this appeal is that his conviction should be reversed because there was not a factual basis for his guilty plea, since his "mere" introduction of Byron Adams to "C-Girl" did not, and could not as a matter of law, constitute a crime within the meaning of the federal conspiracy statute.
 
 
 7
 Wyatt is correct that someone who "merely ... helped a willing buyer locate a willing seller" cannot be convicted of conspiracy solely on the basis of this conduct. United States v. Tyler, 758 F.2d 66, 69 (2d Cir.1985) (emphasis added); see United States v. Hysohion, 448 F.2d 343, 347 (2d Cir.1971) ("mere casual facilitator" cannot be convicted of conspiracy). However, the narrow rule applied in Tyler and Hysohion is entirely inapplicable to the present case, where the defendant's own statements at the plea allocution and the sentencing hearing reveal his substantial participation in the charged conspiracy. At the April 11, 1996, plea allocution, Wyatt admitted to the following: (i) he introduced Adams to C-Girl, (ii) he was acquainted with both Adams and CGirl prior to the introduction, (iii) he knew that C-Girl possessed stolen checks, and (iv) he made the introduction "in return for a payment that was going to be made to" him by Adams. At the July 11, 1996, sentencing hearing, Wyatt provided further detail about his role in the conspiracy: (i) he understood at the time of the introduction that Adams asked him to make the introduction because Adams wanted C-Girl to provide him with stolen checks, (ii) he knew what Adams and C-Girl were "get[ting] their hands into" at the time of the introduction, (iii) he had a discussion with Adams about C-Girl providing stolen checks to Adams, (iv) he expected that C-Girl would indeed provide the stolen checks to Adams, even though he did not know the precise amounts of the checks or when Adams would actually receive them, (v) he was told by Adams that he would receive some money from Adams, and (vi) he knew that the purpose behind this scheme was to give Adams an opportunity to cash the stolen checks.
 
 
 8
 Wyatt was no "mere casual facilitator." He had a relationship with both Adams and C-Girl prior to the introduction, agreed to assist in their illegal activity, and had an interest in its outcome. See United States v. Vargas, 986 F.2d 35, 40-41 (2d Cir.1993); United States v. Brown, 776 F.2d 397, 403 n. 10 (2d Cir.1985). Even though Wyatt may not have known the full scope or precise details of the charged conspiracy to commit bank fraud, a sufficient factual basis existed for his guilty plea. Wyatt introduced Adams and C-Girl with the knowledge that they intended to deal in the stolen checks, with the intent to further their criminal activity, and with the expectation that he would personally benefit by receiving a share of the proceeds.
 
 
 9
 2. Wyatt's argument that his counsel provided ineffective assistance is based entirely on the claim that counsel mistakenly advised him about the elements of the crime of conspiracy. He contends that counsel should have advised him to plead not guilty because his mere act of introducing Adams to C-Girl could not possibly subject him to criminal liability under the conspiracy statute.
 
 
 10
 This argument essentially derives from Wyatt's claim that no factual basis existed for his conspiracy conviction. Because Wyatt's conduct placed him well within the coverage of the federal conspiracy statute and a sufficient factual basis existed for his guilty plea, we conclude that no improper advice was rendered by counsel when he suggested to Wyatt that he plead guilty to the charged offense. See Hill v. Lockhart, 474 U.S. 52 (1985).
 
 
 11
 3. Wyatt argues that his plea should be vacated because the District Judge failed to abide by Federal Rule of Criminal Procedure 11(c)(1), which requires the judge at the plea hearing to inform the defendant of "the nature of the charge to which the plea is offered." Even if the District Judge did not fully explain the elements of the conspiracy offense to Wyatt, any error was harmless. See Fed.R.Crim.P. 11(h); see also United States v. Basket, 82 F.3d 44, 48-49 (2d Cir.1996). "Considering the entire record before us, there can be no question that [Wyatt] was aware that he was pleading guilty to" the crime of conspiring with Adams, C-Girl, and others to commit bank fraud. United States v. Parkins, 25 F.3d 114, 118 (2d Cir.1994).
 
 
 12
 The transcripts of the plea allocution and the sentencing hearing sufficiently demonstrate that Wyatt understood the nature of the crime with which he was charged and to which he eventually pled guilty. As in Parkins, the charge was straightforward and was contained in a simple, two-page information. Id. at 118. Moreover, the plea agreement signed by Wyatt clearly identified that he would plead guilty to conspiracy to commit bank fraud in connection with the deposit of stolen checks into the NatWest account opened by the co-conspirators between October and November of 1995. Additionally, Wyatt stated to the District Court that he had a full opportunity to discuss the case with his counsel and that he understood the nature of the charges against him. When Wyatt declined the District Court's offer to read the information at the plea allocution, he "acknowledged that he had read it, understood it, and discussed it with his attorney." Id. Finally, Wyatt's statements at the plea allocution--describing, in his own words, the offense to which he was pleading guilty--demonstrate that Wyatt fully understood the nature of the charged offense. Because the District Judge's failure to state the elements of conspiracy to Wyatt "does not affect substantial rights," Fed.R.Crim.P. 11(h), the District Court did not err in denying permission to withdraw the plea.
 
 
 
 *
 Of the United States Court of Appeals for the Eleventh Circuit, sitting by designation